UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 15-20016-CV-SCOLA/OTAZO-REYES

JASON TUTTLE,

        Plaintiff,
v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

        Defendant.
_____/

**CARNIVAL CORPORATION'S MOTION TO DISMISS
OR IN THE ALTERNATIVE, FOR FINAL SUMMARY JUDGMENT**

COMES NOW, Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, (hereinafter, "CARNIVAL"), by and through its undersigned counsel and pursuant to the Rule 56, Federal Rules of Civil Procedure, Local Rule 7.5, S.D. Fla. L.R., files its Motion to Dismiss and/or for Final Summary Judgment, and in support thereof states as follows:

**STATEMENT OF MATERIAL FACTS**

1. Plaintiff JASON TUTTLE seeks damages for injuries allegedly sustained on August 24, 2012 in connection with his passenger ticket contract with Defendant for a cruise on the vessel, CARNIVAL VALOR. (See DE 1 -Complaint at ¶ 7 and 10).

2. Plaintiff's Complaint states that he was a passenger on a cruise on board CARNIVAL's cruise ship, the VALOR, at the time of the alleged accident on August 24, 2012 when a loud noise during a show allegedly caused him hearing loss. (DE 1 at ¶ 6 and 9).

3. The parties' relationship is governed through the operation of the passenger ticket contract, although Plaintiff has failed to attach a copy of the ticket to his complaint.

4. Defendant attaches hereto as Defendant's Exhibit "A" a copy of a sample passenger ticket contract containing the identical terms contained in Plaintiff's original passenger ticket contract.

5. The pertinent portions of the passenger cruise ticket contract's terms and conditions, including those with respect to the modification of any terms and conditions therein, provide in clear and unambiguous terms, as follows:

> 1(e) This ticket is valid only for the person(s) named hereon as Guests and **cannot be transferred or modified without Carnival's written consent**. The acceptance or use of this ticket by the person(s) named hereon as Guests shall be deemed acceptance and agreement by each of them to all of the terms and conditions of this cruise Contract.
>
> 1.(g) This contract constitutes the entire agreement between Carnival and Guest and supersedes all other agreements, oral or written. **Any alteration to any term of this contract must be in writing and authorized by Carnival**. Except as provided in Clause 13 below, should any provision of this contract be contrary to or invalid by virtue of the law of the jurisdiction in which this contract is sought to be enforced or be so held by a court of competent jurisdiction, such provision(s) shall be deemed to be severed from the Contract and of no effect and all remaining provisions herein shall be in full force and effect and constitute the Contract of Carriage.

(See Exhibit A, Passenger Ticket Contract (**Emphasis Added**)).

6. Paragraph 12 contains the pertinent provisions regarding Jurisdiction, Venue and Time Limits for Claims (See Affidavit of Liz Menendez, attached hereto as Defendant's Exhibit "B").

7. **Paragraph 12(a) of the passenger ticket contract states in pertinent part:**

   **JURISDICTION, VENUE, ARBITRATION AND TIME LIMITS FOR CLAIMS**

   (a) Carnival shall not be liable for any claims whatsoever for personal injury, illness or death of the guest, unless full particulars in writing are given to Carnival within 185 days after the date of the injury, event, illness or death giving rise to the claim. **Suit to recover on any such claim shall not be maintainable unless filed within one year after the date of the injury, event, illness or death**, and unless served on Carnival within 120 days after filing. Guest expressly waives all other potentially applicable state or federal limitations periods. . .

8. **Paragraph 12(c) of the passenger ticket contract states in pertinent part:**

   (c) Except as provided in Clause 12 (d) below, it is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country.

(See Exhibit "A", at paragraph 12 (**Emphasis added**)).

9. Furthermore, Plaintiff was placed on notice of the forum selection clause through the "Legal Notices" section at the bottom of each page on Carnival's Website, www.carnival.com. The "My Documents" portal (accessible to booked guests) provides guests with on-demand access to their Carnival booking, terms and conditions of the cruise ticket contract, Things to Know Before You Go and other pertinent information regarding their cruise from any internet connected computer. (See, Exhibit "B").

10. Carnival's first notice that Plaintiff had retained legal counsel was by the receipt of an email from Plaintiff's Counsel, Andrew Waks, Esquire, of Waks and Barnett, P.A., dated July 31, 2013. The email was addressed to Suzanne Vazquez, Esquire, Guest Claims Manager for Carnival Cruise Lines. In that email, Mr. Waks

requested an extension of 45 days on the one year limitation to file suit in order to allow Mr. Waks time to investigate the claim. (See, Exhibit "E").

11. Suzanne Vazquez granted a written extension of time through October 4, 2013 to Plaintiff's counsel by return email. (See, Exhibit "E").

12. Plaintiff, by and through his counsel, received specific notice of the forum selection, venue and time limitations contained in the passenger ticket contract by the undersigned in a written correspondence to Plaintiff's counsel by Claims Representative, Liz Menendez, dated August 2, 2013. (See Exhibit "F"). Before the expiration of the one year limitations period, Ms. Menendez specifically placed Plaintiff on notice of the following:

> "<u>All rights in equity, law, and those contained within the guest cruise ticket contract are expressly reserved</u>, including the forum selection / venue provision requiring all passenger lawsuits against Carnival to be filed in the United States district court for the Southern District of Florida in Miami, Florida. Carnival will not waive its contractual defense if a lawsuit if filed in the wrong court.
>
> This and any and all correspondence and/or communications should not be construed as an admission of liability on the part of Carnival Cruise Lines, Carnival Corporation, the vessel "Valor", or any of its officers and/or crew. All rights in equity, law and those contained within the passenger ticket contract are expressly reserved."

(See Exhibit "F").

13. Thereafter, Plaintiff's counsel, Andrew Waks, Esquire or Jennifer Thomson, Esquire (both of the Waks and Barnett, P.A. law firm) requested multiple additional extensions of time of the limitation period to file suit mandated by the passenger ticket contract. (See, Composite Exhibit "G" and Exhibit "H").

14. On each occasion, Plaintiff's Counsel's request for an extension of time was in writing. Similarly, Carnival's gratuitous grant of the request was also always in

writing, as mandated by Paragraph 1 of the passenger ticket contract. (See, Exhibit "A" and Composite Exhibit "G" and Exhibit "H").

15. Specifically, multiple written extensions were granted to Plaintiff by Carnival, extended the limitations period to file suit to the following dates:

a. November 4, 2013;

b. December 10, 2013;

c. February 25, 2014;

d. April 28, 2014;

e. June 28, 2014;

f. September 28, 2014; and

g. October 28, 2014;

(See, Composite Exhibit "G").

16. Thereafter, the last written extension was requested in writing by Andrew Waks, Esq. on October 24, 2014 directed to Suzanne Vazquez, Esq. (See, Exhibit "H").

17. In Carnival's written grant of the extension by Suzanne Vazquez, Esq. by email on October 24, 2014, Ms. Vazquez advised Mr. Waks "Let's do one more extension but for 45 days. New SOL will be Monday December 8." (See, Exhibit "H").

18. On January 6, 2015, almost one month after the December 8, 2014 expiration of the last granted extension of time in writing, Plaintiff untimely filed this action in the United States District Court Southern District of Florida [DE 1].

19. Plaintiff was provided ample notice that there were rights and limitations contained in the Cruise Ticket Contract, including the limitation period in which to file

suit, and the mandate that any modifications of the contract shall be in writing from Carnival.

20. Under the applicable federal general maritime law, the Ticket Contract's designation of the one year time limitation to file suit, and that modification of the one year time limitation is only valid if in writing by Carnival are *prima facie* valid and enforceable.

21. Plaintiff's Complaint should be dismissed, with prejudice, as Plaintiff failed to file suit in the United States District Court for the Southern District of Florida by December 8, 2014, which is within one year of the date of the alleged accident, as extended in writing by agreement of Defendant, Carnival.

## MEMORANDUM AND ARGUMENT

Plaintiff's lawsuit must be dismissed, as he was required by the passenger ticket contract that governs the parties' relationship to file a lawsuit for his alleged bodily injuries allegedly sustained on board Defendant's vessel in the United States District Court Southern District of Florida by December 8, 2014, as extended by Carnival in writing pursuant to Paragraphs 1 and 12 of the governing passenger ticket contract. Plaintiff did not do this, but rather filed this lawsuit on January 6, 2015, in violation of the passenger ticket contract.

## THE CRUISE TICKET BARS THIS MARITIME TORT CLAIM

### A. The Present Action is Controlled by General Maritime Law.

General maritime law controls the present action, as the alleged tort occurred upon navigable waters, and bears a significant relationship to traditional maritime activity. *See,* **Executive Jet Aviation, Inc. v. City of Cleveland**, 409 U.S. 249, 93 S.Ct.

493 (1972); *Foremost Ins. Co. Richardson*, 457 U.S. 668, 102 S.Ct. 2654 (1982), *cert. denied,* 459 U.S. 899, 103 S.Ct. 198 (1982); *Sisson v. Ruby,* 497 U.S. 358, 110 S.Ct. 2892 (1990). Furthermore, while the alleged wrong must have a significant relationship to maritime activity, <u>there exists no requirement that the maritime activity be exclusively navigational</u>. *Foremost Ins*., 102 S.Ct. at 2658. In addition, the law governing suits involving passengers against cruise lines is the general maritime law of the United States. *See generally* THOMAS J. SCHOENBAUM, 1 ADMIRALTY AND MARITIME LAW §3-5 (2d ed. 1994); *Keefe v. Bahama Cruise Line, Inc*., 867 F.2d 1318 (11th Cir. 1989); *Beard v. Norwegian Caribbean Lines*, 900 F.2d 71 (6th Cir. 1990); *see also* *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S.Ct. 406 (1959); *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 74 S.Ct. 202 (1953).

In this case, Plaintiff apparently claims that his accident occurred during a show in the main theater on board Defendant's vessel, the CARNIVAL VALOR on August 24, 2012 during the course of the cruise. This activity bears a significant relationship to the Plaintiff's cruise experience and the relationship between Plaintiff and Carnival is governed by the passenger ticket contract. General maritime law exclusively governs the interpretation of the passenger ticket contract. *The Moses Taylor,* 71 U.S. 411 (1867); *Milanovich v. Costa Crociere, S.P.A*., 954 F.2d 763, 766 (D.C.Cir. 1992); *Vavoules v. Kloster Cruise Limited*, 822 F.Supp. 979, 982 (E.D.N.Y. 1993); *Lubick v. Travel Services,* 573 F.Supp. 904, 906 (D.V.I. 1983). It is well settled that the validity of a provision contained in a passenger ticket contract is to be interpreted by the general maritime law of the United States, and not the law of the state in which an action is brought. *McQuillan v. "Italia" Societa Per Axione di Navigacione,* 386 F.Supp. 462,

468 (S.D.N.Y. 1974), *aff'd without opinion*, 516 F.2d 896 (2d Cir. 1975). Lastly, Plaintiff, in his complaint, acknowledges that this action arises out of the General Maritime Law of the United States. [DE 1 at Paragraph 5].

> B. **The passenger ticket contract issued Plaintiff by Carnival "reasonably communicated" that Plaintiff was required to file suit in the United States District Court for the Southern District of Florida within one year for his personal injury cause of action, and that any modifications of the Contract was mandated to be in writing by Carnival.**

It is a well-settled principle that a passenger who buys a ticket is deemed bound by its contractual terms regardless of whether the passenger reads it or whether the passenger even possessed the ticket. *Strauss v. Norwegian Caribbean Lines*, 613 F. Supp. 5, 8 (E.D. Pa. 1984); *Rogers v. Furness Withy & Co.*, 103 F.Supp. 137 (W.D.N.Y. 1951). Time deadlines and forum selection clauses in cruise line passage contracts are almost universally upheld. *Carpenter v. Klosters Rederi A/S*, 604 F.2d 11, 13 (5th Cir. 1979); *Strauss v. Norwegian Lines, Inc.*, 613 F. Supp. 8 (E.D. Pa. 1984). See also *Miller v. Lykes Bros. Steamship Co.*, 467 F.2d 465 (5th Cir. 1972). Moreover, the Supreme Court specifically held that the forum selection clause was not a term of adhesion. *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 1528 (1991).

A passenger ticket contract's forum selection clause is valid and enforceable if the clause (1) was reasonably communicated to the passenger and (2) complies with notions of "fundamental fairness." *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 1528 (1991); *Spataro v. Kloster Cruise*, 894 F. 2d 44, 46 (2d Cir. 1990); *Norwegian Cruise Line, Ltd. v. Clark*, 841 So.2d 547 (Fla. 2nd DCA 2003).

CARNIVAL's passenger ticket contract "reasonably communicated" that it contained a forum selection clause. This same principle holds true for the totality of the contract.

CARNIVAL's obligation was merely to provide a ticket which "reasonably communicated" with adequate cautionary language that there were limiting terms of the contract. *Marek v. Marpan Two, Inc.*, 817 F.2d 245, 246 (3d Cir. 1987). The numerous warnings throughout CARNIVAL's passenger ticket contract gave such adequate caution as a matter of law. *Id.* See also, *Nash v. Kloster,* 901 F. 2d 1565 (11th Cir. 1990); *Wilkin v. Carnival Cruise Lines, Inc.,* 661 So. 2d 1308 (Fla. 3d DCA 1995); *Hallman v. Carnival Cruise Lines,* 459 So. 2d 378 (Fla. 3d DCA 1984).

The language contained in the Plaintiff's passenger ticket contract was clear and unambiguous with regard to the limitations period and that the contract could only be modified in writing by Carnival. The passenger ticket contract, including Plaintiff's, had the following heading in bold capital letters: "TICKET CONTRACT". Under that heading appears the following text:

> **IMPORTANT NOTICE TO GUESTS THIS DOCUMENT IS A LEGALLY BINDING CONTRACT ISSUED BY CARNIVAL CRUISE LINES TO, AND ACCEPTED BY, GUEST SUBJECT TO THE IMPORTANT TERMS AND CONDITIONS APPEARING BELOW.**
>
> **NOTICE: THE ATTENTION OF GUEST IS ESPECIALLY DIRECTED TO CLAUSES 1, 4, AND 10 THROUGH 13, WHICH CONTAIN IMPORTANT LIMITATIONS ON THE RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST CARNIVAL CRUISE LINES, THE VESSEL, THEIR AGENTS AND EMPLOYEES, AND OTHERS, INCLUDING FORUM SELECTION, ARBITRATION AND WAIVER OF JURY TRIAL FOR CERTAIN CLAIMS.**

Additionally, the other pertinent portions of the Guest cruise ticket contract's terms and conditions, including those with respect to the appropriate forum in which to file suit, similarly provided in clear and unambiguous as follows:

1(e)   This ticket is valid only for the person(s) named hereon as Guests and **cannot be transferred or modified without Carnival's written consent**. The acceptance or use of this ticket by the person(s) named hereon as Guests shall be deemed acceptance and agreement by each of them to all of the terms and conditions of this Passage Contract.

1(g)   This contract constitutes the entire agreement between Carnival and Guest and supersedes all other agreements, oral or written. **Any alteration to any term of this contract must be in writing and authorized by Carnival**. Except as provided in Clause 13 below, should any provision of this contract be contrary to or invalid by virtue of the law of the jurisdiction in which this Contract is sought to be enforced or be so held by a Court of competent jurisdiction, such provision(s) shall be deemed to be severed from the Contract and of no effect and all remaining provisions herein shall be in full force and effect and constitute the Contract of Carriage.

12(a) Carnival shall not be liable for any claims whatsoever for personal injury, illness or death of the guest, unless full particulars in writing are given to Carnival within 185 days after the date of the injury, event, illness or death giving rise to the claim. **Suit to recover on any such claim shall not be maintainable unless filed within one year after the date of the injury, event, illness or death**, and unless served on Carnival within 120 days after filing. Guest expressly waives all other potentially applicable state or federal limitations periods.

12.(c)   It is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country.

(*See Exhibit A*. **Emphasis added**).

Furthermore, Plaintiff, by and through his counsel, had actual knowledge of the limitations period and the necessity of written authorization to extend the limitations period, as evidenced by the nine separate written email exchanges between Plaintiff's Counsel and Defendant's Representative requesting and granting multiple extensions of

the one year limitations period. (See, Exhibits "F", "G" and "H").  No further extensions of time past December 8, 2014 were granted by Carnival.  (See, Exhibit "B").  In fact, Carnival's representative, Suzanne Vazquez, Esq. advised Andrew Waks, Esq. by email that this extension would be the last.  (See, Exhibit "H").  Specifically, Ms. Vazquez stated in writing "let's do one more extension but for 45 days.  New SOL will be Monday December 8." (See, Exhibit "H").

Even if the Plaintiff was to allege that he did not read or retain the Passage Contract, the provisions which appear in the passenger ticket contract issued by CARNIVAL are binding and enforceable.  *Carpenter v. Klosters Rederi A/S*, 604 F.2d 11, 13 (5th Cir. 1979); *Miller v. Lykes Bros. Steamship Co*., 467 F.2d 464, 465 (5th Cir. 1972); *Strauss v. Norwegian Lines, Inc.*, 613 F.Supp. 5, 8 (E.D. Pa. 1984).  It is immaterial whether the passenger chooses to wait and pick up the ticket until the time of departure.  *Hicks v. Carnival*, No. 93-5427, 1994 WL 388678 at 4-5 (E.D. Pa. 1994). Further, whether or not the passenger in question has actual knowledge of the provisions in the cruise line ticket contract prior to sailing is irrelevant.  *DeNicola v. Cunard Line, Ltd.,* 642 F.2d 5, 11 (1st Cir. 1981).   Passengers are bound by the terms of a cruise line ticket contract even if they have <u>never</u> opened the ticket envelope.  *Geller v. Holland America Line,* 298 F.2d 618, 619 (2d Cir. 1962), *cert. denied,* 370 U.S. 909 (1962). Furthermore, passengers are bound by a cruise line ticket contract even where the particular ticket page with the limitation language in question is missing from the ticket booklet.  *Kendall v. American Hawaii Cruises,* 704 F. Supp. 1010, 1017 (D. Hawaii 1989).

A cruise line ticket contract written in English has been held binding on a passenger who could not read English. *Horvath v. Cunard Steamship Co., Ltd*., 103 F.Supp. 356 (D.N.Y. 1952). Even if a person cannot read English, if he desires to have an instrument read and explained to him, the burden is on the person who cannot read, to select a reliable person if he desires to have the instrument read and explained to him. *Merrill, Lynch, Pierce, Fenner, & Smith, Inc. v. Benton*, 467 So. 2d 311 (Fla. 3d DCA 1985). In addition, it is fair and reasonable to charge the passenger with legal notice of contractual limitations clearly appearing on the ticket when a passenger ticket contract is received by an individual's agent. *Muratore v. M/S Scotia Prince*, 1988 A.M.C. 845 (D. Maine 1987). The relevant inquiry is not whether the passenger read his or his ticket, but rather, whether the passenger *had the opportunity* to read the ticket. *Barkin v. Norwegian Caribbean Lines*, 1988 A.M.C. 645, 650 (D.Mass. 1987); *Kendall*, 704 F. Supp. at 1016.

In following this doctrine, courts have even gone so far as to enforce the terms of a ticket contract where the passenger's ticket contract was destroyed in the same ship fire that caused the passenger plaintiff's loss. *Morak v. Costa Armatori*, 1982 A.M.C. 1859, 1863 (E.D.N.Y. 1981). In this regard, it has been held:

> Although a passenger may almost never read all of the fine print on a ticket upon purchase, or as pleasure reading in the berth the first night at sea, the same passenger might very well be expected to consult the multifarious terms and conditions of the ticket contract in the event of an accident resulting in a loss or injury.

*Shankles v. Costa Armatori, S.P.A.*, 722 F.2d 861, 865 (1st Cir. 1983). There is a "powerful incentive" to study the cruise line ticket contract after an alleged wrong has occurred. *Sullivan v. Home Lines*, 1986 A.M.C. 1617, 1619 (D.Conn. 1985).

In the case at bar, the front of the passenger ticket contract issued by CARNIVAL clearly directed the Plaintiff to read the provisions which affected the Plaintiff's legal rights. Additionally, Plaintiff, by and through his counsel, had actual knowledge of the passenger ticket contract pursuant to the receipt of correspondence from Liz Menendez dated August 2, 2013. (See Exhibit "F"). As such, the Plaintiff must be bound by the terms and conditions contained therein.

### C.     Forum Selection Clauses are Prima Facie Valid and Enforceable.

A passenger ticket for a cruise and its terms are considered a maritime contract to be analyzed under federal maritime law. ***The Moses Taylor,*** 71 U.S. (4 Wall.) 411, 427, 18 L.Ed. 397 (1866); ***Hodes v. S.N.C. Achille Lauro ed Altri-Gestione,*** 858 F.2d 905, 909 (3rd Cir. 1988). The United States Supreme Court holds that forum selection clauses are prima facie valid and enforceable. ***The Bremen v. Zapata Off-Shore Co.,*** 407 U.S. 1, 9-10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). The Supreme Court has stated that forum selection clauses should be "given controlling weight in all but the most exceptional cases." ***Steward Org. Inc. v. Ricoh Corp.,*** 487 U.S. 22, 33, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).

In the case at bar, the passenger ticket contract is valid and enforceable. Plaintiff was on notice of the terms of the passenger ticket contract, and Plaintiff sought multiple extensions of the one year limitation period, in writing, based on Plaintiff's knowledge of the terms contained therein. Defendant gratuitously granted Plaintiff a total of nine (9) extensions of the limitations period, in writing, pursuant to the passenger ticket contract. Defendant made it clear that December 8, 2014 was the final expiration date for the

limitations period to file suit. Plaintiff failed to file suit by December 8, 2014, and as such, Plaintiff's claim is time barred.

## CONCLUSION

WHEREFORE, the Defendant, CARNIVAL CORPORATION, by and through its undersigned counsel, and based on the foregoing facts, law and argument, and under the applicable Florida Rules of Civil Procedure, respectfully requests the Honorable Court GRANT its Motion, and enter an Order dismissing Plaintiff's Complaint; and for such further relief to the Defendant as the Honorable Court deems appropriate.

Respectfully submitted,

Donnise DeSouza Webb, Esquire
CARNIVAL CORPORATION
3655 N.W. 87th Avenue
Miami, Florida 33178-2428
(305) 406-4838 Direct Phone
(305) 599-2600 Ex. 18042 Assistant's Phone
(305) 406-4732 Telefax
Dedicated Judge's Phone (305) 406-5399
        (For Judges only)

By:     *s/ Donnise DeSouza Webb, Esq.   .*
        Donnise DeSouza Webb, Esq.
        Fla. Bar No: 879398

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4th, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generate by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:     *s/ Donnise DeSouza Webb, Esq.   .*
        Donnise DeSouza Webb, Esq.
        Fla. Bar No: 879398

Case No: 15-20016-CV-SCOLA/OTAZO-REYES

**SERVICE LIST**

| ANDREW L. WAKS, ESQ. | DONNISE DESOUZA WEBB, ESQ. |
|---|---|
| waksbar@aol.com | ddesouza@carnival.com |
| 9900 SW 107th Avenue, #101 | 3655 N.W. 87th Avenue |
| Miami, FL 33176 | Miami, FL 33178 |
| Telephone: (305) 271-8282 | Telephone: (305) 406-4838 |
| Facsimile: (305) 595-9776 | Facsimile: (305) 406-4732 |
| Counsel for Plaintiff, TUTTLE | Counsel for Defendant, CARNIVAL |

[Service via CM/ECF Notice of Electronic Filing and via U.S. Mail]